1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F5 NETWORKS, INC.,

                    Plaintiff,

    v.

RADWARE, INC.,

                    Defendant.

CASE NO. 2:16-cv-480

PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

**JURY TRIAL DEMANDED**

## I.     COMPLAINT

Plaintiff F5 Networks ("F5"), for its Complaint, alleges as follows:

## II.     PARTIES

1.     Plaintiff F5 Networks, Inc. ("F5") is a Washington corporation with its principal place of business in Seattle, Washington.  F5 is a leading developer of load balancers, application delivery controllers, and other networking techniques and devices.

2.     Defendant Radware, Inc. is a New Jersey corporation with its principal place of business in Mahwah, New Jersey.  Radware is a competitor of F5, and, on information and belief, Radware sells, offers to sell and promotes its products, including infringing products, throughout the United States and within this district.

COMPLAINT FOR PATENT INFRINGEMENT – 1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### III.    JURISDICTION

3.      F5's claims for patent infringement arise under the Patent Laws of the United States of America, Title 35, United States Code §§ 1, *et seq.*  This Court has exclusive original jurisdiction over the patent claims under 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d) and 28 U.S.C. § 1400(b).

5.      On information and belief, Radware is subject to personal jurisdiction in this district because it does business in the state of Washington and has, on information and belief, sold or offered for sale its infringing products in this state.

### IV.    PATENT INFRINGEMENT

6.      F5 is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,311,278 ("the '278 patent"), entitled "Method and System for Extracting Application Protocol Characteristics," which was issued by the United States Patent and Trademark Office on October 30, 2001.  A copy of the '278 patent is attached as Exhibit A hereto.

7.      The '278 patent is generally directed to  network communication security, and more particularly, to application security protocols.

8.      F5 is also owner of the entire right, title, and interest in and to U.S. Patent No. 8,676,955 ("the '955 patent"), entitled "Method and System for Managing Network Traffic," which was issued by the United States Patent and Trademark Office on March 18, 2014.  A copy of the '955 Patent is attached as Exhibit B hereto.

9.      The '955 patent is generally directed to creating persistence in network communications between a client and a server and a persistence key used to identify the appropriate server.

10.     F5 is the owner of the entire right, title, and interest in and to U.S. Patent No. 7,472,413 ("the '413 patent"), entitled "Security for WAP servers," which was issued by the

COMPLAINT FOR PATENT INFRINGEMENT – 2

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

127939597.2

1  United States Patent and Trademark Office on December 20, 2008.  A copy of the '413 patent is

2  attached as Exhibit C hereto.

3        11.    The '413 patent is generally directed to security and control of web applications

4  processes.

5        12.    F5 has complied with the marking and notice provisions of 35 U.S.C. § 287 for

6  the '278, '955, and '413 patents.

7        13.    Radware, alone and in conjunction with others, has infringed and continues to

8  infringe one or more claims of the '278 patent, including claims 15, 25, and 26 by using, selling,

9  offering to sell and importing systems, software, products and/or services, including but not

10  limited to Radware's "Alteon," "Alteon NG" and "AppWall" products.  On information and

11  belief, Radware has also directly infringed claim 1 of the '278 patent by practicing the method.

12  On information and belief, Radware has also indirectly infringed claim 1 of the '278 patent by

13  inducing the practice of the claimed method by its customers through the sale of its products and

14  provision of customer literature teaching how to practice the claim, with knowledge of the patent

15  and with the specific intent to induce customers to practice the patented method.  On information

16  and belief, Radware has known of the '278 Patent as a result of its monitoring of F5's patent

17  portfolio.

18        14.    Radware, alone and in conjunction with others, has infringed and continues to

19  infringe one or more claims of the '955 Patent, including at least claims 1 and 8 by using, selling,

20  offering to sell and importing systems, software, products and/or services, including but not

21  limited to Radware's "Alteon" and "Alteon NG" products.  On information and belief, Radware

22  has also directly infringed claim 15 of the '955 patent by practicing the method claimed.  On

23  information and belief, Radware has also indirectly infringed claim 15 of the '955 patent by

24  inducing and contributing to the practice of the claimed method by its customers, among others,

25  through the sale of its products and provision of customer literature teaching how to practice the

26  claim with knowledge of the patent and with the specific intent to induce customers to practice

COMPLAINT FOR PATENT INFRINGEMENT – 3

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

127939597.2

1    the patented method.  On information and belief, Radware has known of the '955 Patent as a

2    result of its monitoring of F5's patent portfolio.

3        15.    Radware, alone and in conjunction with others, has infringed and continues to

4    infringe one or more claims of the '413 Patent, including at least claim 16 by using, selling,

5    offering to sell and importing systems, software, products and/or services, including but not

6    limited to Radware's "Alteon," "Alteon NG" and "AppWall" products.  On information and

7    belief, Radware has also directly infringed claim 1 of the '413 patent by practicing the method

8    claimed.  On information and belief, Radware has also indirectly infringed claim 1 of the '413

9    patent by inducing to the practice of the claimed method by its customers, among others, through

10   the sale of its products and provision of customer literature teaching how to practice the claim

11   with knowledge of the patent and with the specific intent to induce customers to practice the

12   patented method.  On information and belief, Radware has known of the '413 Patent as a result

13   of its monitoring of F5's patent portfolio.

14       16.    Radware's acts of infringement have caused damage to F5, and F5 is entitled to

15   recover from Radware the damages sustained by F5 as a result of Radware's wrongful acts in an

16   amount subject to proof at trial.

17       17.    As a consequence of the infringement complained of herein, F5 has been

18   irreparably damaged to an extent not yet determined and will continue to be irreparably damaged

19   by such acts in the future.

20       18.    On information and belief, discovery will establish that Radware was aware of the

21   '278 patent, the'955 patent, and the '413 patent prior to the filing of this suit, and its

22   infringement has been willful.

23                          **V.    REQUEST FOR RELIEF**

24       WHEREFORE, F5 asks this Court to enter judgment in F5's favor and against Radware

25   with the following relief:

26

COMPLAINT FOR PATENT INFRINGEMENT – 4

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

127939597.2

A.      An order preliminarily and permanently enjoining Radware, and its respective officers, directors, shareholders, agents, servants, employees, attorneys, parents, subsidiaries and affiliates, their successors in interest and assigns, and all other entities and individuals acting in concert with it or on their behalf from infringing, directly or indirectly, F5's patent rights, including the claims of the '278 patent, the claims of the '955 patent, and the claims of the '413 patent;

B.      Damages, including lost profits and/or a reasonable royalty, according to proof, for Radware's infringement, both direct and indirect, together with pre-judgment and post-judgment interest, and that such damages be increased as provided by 35 U.S.C. § 284 or as otherwise provided by law;

C.      An award of F5's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

D.      For such other and further relief as the Court may deem just and proper.

## VI.     JURY DEMAND

F5 hereby demands trial by jury on all issues.

DATED:  April 4, 2016.

By:  s/ Ramsey M. Al-Salam
Ramsey M. Al-Salam #18822
Christina J. McCullough #47147
Nathaniel E. Durrance # 41627
Lane M. Polozola, #50138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  RAlsalam@perkinscoie.com
        CMcCullough@perkinscoie.com
        NDurrance@perkinscoie.com
        LPolozola@perkinscoie.com

Attorneys for Plaintiff F5 Networks, Inc.

COMPLAINT FOR PATENT INFRINGEMENT – 5

127939597.2